[Civ. No. 3858. Fourth Dist. Jan. 17, 1949.]

HEMET VALLEY GROWERS, INC. (a Corporation), Respondent, v. JOHN PARSSINEN et al., Appellants.

Robert M. Wiley for Appellants.

Gerald A. Coxe for Respondent.

BARNARD, P. J.—This is an action to recover for labor and services furnished to the defendant. The complaint alleged that the plaintiff is engaged in the business of furnishing labor and services to farmers and growers; that during the year 1946 it furnished to the defendant labor and services to the total value of $1,393.06; that payment had been demanded and refused; and that said amount is now due and unpaid from the defendant to the plaintiff.

The answer denied that the defendant is indebted to the plaintiff in the sum of $1,393.06, or in any other sum in excess of $999.65, but failed to deny that during the year 1946 the plaintiff had furnished the defendant labor and services of the value of $1,393.06. In a separate answer and defense, the defendant alleged that he and one Lockman were joint adventurers in handling a crop of apricots belonging to them both; that the labor and services "as alleged in said complaint" were furnished to the defendant and Lockman for the purpose of harvesting these apricots and not at the individual request of the defendant; that the value of the labor referred to in the complaint which was rendered at the request of the defendant does not amount to more than $999.65; that the labor and services rendered, the value of which exceeds $999.65, was furnished to Lockman and not to the defendant; and that the defendant is willing to pay the plaintiff $999.65 for the labor and services furnished to him.

After a trial, the court found that the allegation in the complaint that labor and services of the value of $1,393.06 were furnished to the defendant was true, except that the correct amount was $1,386.56, and that this latter amount was due and unpaid from the defendant to the plaintiff. It was further found that the allegations of the separate answer and defense, as above stated, were all untrue except that it was found that the defendant was willing to pay $999.65. Judgment was entered in favor of the plaintiff for $1,386.56, and the defendant has appealed upon the clerk's transcript and a settled

statement, with the original exhibits. Appellant's sole contention is that respondent's "Exhibit 3" was improperly admitted in evidence and that without it there is no evidence whatever to support any judgment in excess of the $999.65, which is admittedly owed.

This exhibit consists of several ledger sheets from respondent's books purporting to show its account with the appellant during the period in question, and showing a balance due of $1,386.56. The court sustained an objection to the admission of this exhibit when it was first offered, and admitted it later on after the appellant had testified. The appellant argues that no foundation was laid for the admission of this exhibit because no qualified witness testified as to the identity of the record, as to the mode of its preparation, that it was made in the regular course of business, or that it was made at or near the time of the acts which it purports to establish. While this contention seems to be correct with respect to at least two of the foundational requirements, any error thus appearing is immaterial here.

The appellant admitted, by failing to deny in his answer, that the respondent furnished to him labor and services of a total value of $1,393.06. If the court relied on Exhibit 3 at all, the result was merely to reduce by $6.50 the value of the work which the appellant admitted had been furnished to him by the respondent. The amount of the judgment was less than the amount admitted to have been furnished, and no prejudice could have resulted. Moreover, the settled statement contains no evidence which would in any way dispute or raise a question as to the amount found to be due by the court. The secretary of the plaintiff corporation testified that the ledger sheets, Exhibit 3, were a part of respondent's records, that it was the company's permanent record of this account, that it was kept under his personal supervision and direction, and that the total amount due on the account was $1,386.56. The appellant testified that the labor which was furnished by the respondent was used in drying apricots, two-thirds of which belonged to him and one-third to Lockman; that "on that basis, (he) owed for approximately two-thirds of the labor furnished by the plaintiff and that Lockman owed the balance"; that he had never agreed with respondent to pay for or be responsible for labor from which Lockman derived the benefit; and that respondent's manager, with whom he dealt, had for his own convenience charged all the labor to the appellant because the appellant had an account with the

plaintiff while Lockman had no such an account. A statement was inserted in the proposed settled statement that the manager, "knew where the labor was being used and that Lockman was getting the benefit of approximately one-third of it." This statement was stricken by the court upon settling the statement. There is nothing in the record to indicate that this statement was not properly stricken, or that any evidence was received to that effect.

The admissions in the answer and the evidence, with the reasonable inferences therefrom, clearly disclose the amount and value of the labor and services furnished. Not only was this admitted by the pleadings, but no attempt to question it at the trial appears in the record. From the answer and from appellant's testimony it appears that the defense was based solely on the contention that a third of the services, which were admittedly furnished, should have been charged to Lockman. So far as disclosed by this record, the appellant failed to establish this defense, and the court so found. The appellant had an account with the respondent, and he admits that two-thirds of these services were furnished at his request. Lockman had no such an account, and there is no evidence that the respondent had any knowledge of Lockman's interest in the matter. The only reasonable inference from the evidence is that all of the services were ordered by the appellant, and the fact that they may have, in part, been beneficial to Lockman is a matter between them and is not controlling here. On the record before us, the judgment is amply sustained by the pleadings and the evidence.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied February 7, 1949, and the following opinion was then rendered:

THE COURT.—On petition for rehearing it is contended that the pleadings, properly construed, disclose no admission through a failure to deny. The answer admitted that the services alleged in the complaint were furnished, but alleged that another was responsible for a portion of them. The case was tried on this theory. If those portions of the opinion which refer to an admission in the pleadings were to be eliminated it would in no way affect the result.

Appellants' petition for a hearing by the Supreme Court was denied March 17, 1949. Schauer, J., voted for a hearing.